IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATHRYN BOSTON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 4:19-cv-438 |
| v. | § | |
| | § | |
| ORTHOFIX MEDICAL, INC.; and | § | JURY TRIAL DEMANDED |
| OPTIONS MEDICAL, LLC. | § | |
| | § | |
| *Defendants.* | § | |

## ORIGINAL COMPLAINT

Plaintiff Kathryn Boston ("Plaintiff"), by and through her attorneys, Ellwanger Law LLLP, brings this action for damages and other legal and equitable relief from Orthofix Medical, Inc. ("Defendant Orthofix") and Options Medical, LLC ("Defendant Options Medical"), (collectively "Defendants"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. §§ 2000e *et. seq.*, and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Ms. Boston against Defendants for acts of discrimination based on sex, sexual harassment, and retaliation. Defendants' acts are in violation of Title VII, and any other cause(s) of action that can be inferred from the facts set forth herein.

2. Ms. Boston was employed by Defendant Options Medical as Junior Associate Territory Manager from approximately November 2016 until on or around September 28, 2017.

3. Defendant Orthofix acquired Defendant Options Medical in or around February 2019. In a press release dated February 1, 2019, Beth Stevenson, Distributor Principal and founder

of Defendant Options Medical, stated, "Options Medical started in North Central Florida as a small team of hard working individuals who wanted to provide the best in medical device solutions to physicians. Today I am proud to say we have grown into a team of 40 plus who cover the states of Florida and Connecticut. We are excited to become a part of Orthofix and look forward to continuing our record of success for many years to come." Brad Niemann, President of Global Orthofix Spine, stated, "Options Medical has been a successful distributor for our Bone Growth Therapies devices for many years. We are pleased to have this established and proven partner join the Orthofix team as a part of our direct sales force."

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights and (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction upon this Court for all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business, and reside in this district.

## PARTIES

6. Ms. Boston is a person who has been aggrieved by Defendants' actions. She is and has been, at all relevant times, a citizen of the United States of America and is a resident of Cuyahoga County, Ohio.

7. At all relevant times, Ms. Boston was Defendants' employee and therefore covered by Title VII.

8. Defendant Options Medical is a privately held company located at 7605 SW Williston Road, Gainesville, Florida, 32608.

9. During all relevant times, Options Medical was an employer covered by Title VII.

10. In or around February 2019, Defendant Orthofix acquired Defendant Options Medical. In a press release dated February 1, 2019, Beth Stevenson, Distributor Principal and founder of Defendant Options Medical, stated, "Options Medical started in North Central Florida as a small team of hard working individuals who wanted to provide the best in medical device solutions to physicians. Today I am proud to say we have grown into a team of 40 plus who cover the states of Florida and Connecticut. We are excited to become a part of Orthofix and look forward to continuing our record of success for many years to come." Brad Niemann, President of Global Orthofix Spine, stated, "Options Medical has been a successful distributor for our Bone Growth Therapies devices for many years. We are pleased to have this established and proven partner join the Orthofix team as a part of our direct sales force."

11. Defendant Orthofix is a publicly traded global medical device company, headquartered at 3451 Plano Parkway, Lewisville, Texas 75056.

12. During all relevant times, Defendant Orthofix has been an employer covered by Title VII.

13. Defendant Orthofix transacted and continues to transact business in Texas by, among other things, employing persons at its headquarters located within Texas and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

14. Plaintiff, who has herein alleged claims pursuant to Title VII, has timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC").

15. Plaintiff has received her Notice of Right to Sue letter from the EEOC prior to the filing of this Complaint.

## STATEMENT OF FACTS

16. Ms. Boston was employed by Defendant Options Medical in Gainesville, Florida as a Junior Associate Territory Manager from in or around November 2016 until her constructive discharge on or around September 28, 2017.

17. As a Junior Associate Territory Manager, Ms. Boston's job duties included traveling to doctor's offices in order to obtain the paperwork necessary to authorize the use of Orthofix devices for Medicare patients.

18. Throughout her employment, Ms. Boston was subjected to severe or pervasive sexual harassment at the hands of Dr. David Greenwald, a neurosurgeon located in St. Augustine, Florida. Upon information and belief, Dr. Greenwald was one of Defendant Option Medical's largest accounts.

19. During her employment, Ms. Boston routinely visited Dr. Greenwald's office in order to obtain Dr. Greenwald's signature on certificates of medical necessity and other necessary paperwork for Medicare to authorize the use of Orthofix devices. Ms. Boston also interacted with

Dr. Greenwald during company dinners and physician meetings attended by Options Medical employees.

20. Dr. Greenwald repeatedly subjected Ms. Boston to numerous instances of unwanted physical touching, including, but not limited to, putting his hands under her clothing and grabbing Ms. Boston's bare breasts and buttocks, kissing her, rubbing her body in a sexual manner, and grabbing and holding her body against his.

21. Dr. Greenwald also repeatedly subjected Ms. Boston to numerous unwanted sexual comments. For example, Dr. Greenwald told Ms. Boston that, "anytime you feel anything in your vagina, it's me thinking about having a threesome with you and [another Options Medical manager].

22. Dr. Greenwald also subjected Ms. Boston to numerous other unwanted sexual comments including, but not limited to sexually explicit jokes and memes, comments concerning the size of her breasts and whether they were fake, comments concerning Dr. Greenwald's sexual history and sexual encounters, and telling her that clothing was optional.

23. Ms. Boston repeatedly reported Dr. Greenwald's sexual harassment to managers at Options Medical. Management also witnessed some of the harassment. However, upon information and belief, Defendant Options Medical did not conduct any investigation into Ms. Boston's complaints and no remedial measures were taken.

24. To the contrary, Defendant Options Medical encouraged Ms. Boston to allow Dr. Greenwald to continue sexually harassing her and other Options Medical employees because Defendant Options Medical wanted Dr. Greenwald to continue to support its business.

25. In retaliation for her complaints of sexual harassment, Defendant Options Medical denied her training and subjected her to defamation.

26. Additionally, on or around August 7, 2017, Ms. Boston attended a training at Orthofix headquarters in Lewisville, Texas. At this training, Ms. Boston reported the sexual harassment and assault she had experienced to Brad Niemann, who is now the current President of Orthofix Spine. Upon information and belief, Orthofix did not conduct any investigation into Ms. Boston's complaint of sexual harassment and assault at Options Medical. Instead, the night after Ms. Boston reported the sexual harassment and assault, Mr. Niemann invited Ms. Boston to go to a night club with him. Upon information and belief, Mr. Niemann then asked one of Ms. Boston's colleagues to inform Ms. Boston that he would like to date her.

27. On or around September 28, 2017, Ms. Boston was subjected to a constructive discharge.

28. In or around February 2019, Defendant Orthofix acquired Defendant Options Medical. In a press release dated February 1, 2019, Beth Stevenson, Distributor Principal and founder of Defendant Options Medical, stated, "Options Medical started in North Central Florida as a small team of hard working individuals who wanted to provide the best in medical device solutions to physicians. Today I am proud to say we have grown into a team of 40 plus who cover the states of Florida and Connecticut. We are excited to become a part of Orthofix and look forward to continuing our record of success for many years to come." Brad Niemann, President of Global Orthofix Spine, stated, "Options Medical has been a successful distributor for our Bone Growth Therapies devices for many years. We are pleased to have this established and proven partner join the Orthofix team as a part of our direct sales force."

**AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e** *et seq.*
**(Discrimination)**

29. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

30. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendants have engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

31. Plaintiff's requests for relief are set forth below.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e** *et seq.*
**(Hostile Work Environment)**

32. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

33. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiff was subjected to a hostile work environment on the basis of her sex.

34. Plaintiff's requests for relief are set forth below.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e** *et seq.*
**(Retaliation)**

35. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

36. Plaintiff lodged complaints with Defendants regarding the discrimination and hostile work environment to which she was subjected, and as such, engaged in protected activity under Title VII.

37. Defendants retaliated against Plaintiff by, among other things, denying her requests for training and subjecting her to defamation.

38. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.

39. Plaintiff's requests for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.;

B. All damages which Plaintiff has sustained as a result of Defendants' conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits she would have received but for Defendants' discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendants until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

**ORIGINAL COMPLAINT**

Plaintiff also seeks injunctive relief, including, but not limited to:

    H. Training on the subject of employment discrimination and sexual harassment for all of Defendants' employees;

    I. Implicit bias training for all managers conducted by reputable outside vendors;

    J. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination or harassment;

    K. Active monitoring of the work areas to ensure compliance with discrimination and harassment policies;

    L. Monitoring by the Court or a federal agency to ensure that Defendants comply with all injunctive relief; and

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: June 14, 2019

Respectfully submitted,

_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Esha Rajendran
Texas State Bar No.24105968
erajendran@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas  78731
Telephone: (737) 808-2260
Facsimile:  (737) 808-2262

**COUNSEL FOR PLAINTIFF**