# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| KATHRYN BOSTON | § | |
| | § | |
| v. | § | Civil Action No.  4:19-CV-00438 |
| | § | Judge Mazzant |
| ORTHOFIX MEDICAL, INC.; and | § | |
| OPTIONS MEDICAL, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Options Medical, LLC's Motion to Dismiss under Rule 12(b)(2) and Rule 12(b)(6) (Dkt. #11).  Having considered the motion and the relevant pleadings, the Court finds that it does not have personal jurisdiction over Defendant Options Medical, LLC ("Options Medical").  Accordingly, the Court finds that the Motion should be granted in part, and in the interests of equity, the Court severs Plaintiff's claims against Defendant Options Medical from this suit and directs the Clerk of the Court to transfer it to the Northern District of Florida.

## BACKGROUND

On June 14, 2019, Plaintiff filed her Complaint, alleging discrimination, hostile work environment, and retaliation claims under Title VII against Defendant Options Medical and Defendant Orthofix, Inc. ("Orthofix") (Dkt. #1 at p. 7).  From approximately November 2016 until September 28, 2017, Plaintiff was employed as a Junior Associate Territory Manager by Defendant Options Medical in Gainesville, Florida, where she traveled to doctors' offices in Florida to obtain paperwork authorizing the use of Defendant Orthofix's devices (Dkt. #1 at pp. 1, 4).

Plaintiff's Title VII claims center around two, discrete sets of events—one occurring entirely in Florida, the other occurring entirely in Texas.  First, Plaintiff claims that while working as a Territory Manager for Defendant Options Medical in Florida, she was subjected to severe and

pervasive sexual harassment by a Florida neurosurgeon who was one of Defendant Options Medical's largest accounts (Dkt. #1 at p. 4). Plaintiff alleges she reported this harassment and that this harassment was witnessed by Defendant Options Medical's management, but Options Medical did not investigate and took no remedial measures (Dkt. #1 at p. 5). Plaintiff also alleges that Defendant Options Medical encouraged her endure the Florida neurosurgeon's harassment, retaliated against her for reporting it, and subjected her to a constructive discharge (Dkt. #1 at pp. 5–6).

Plaintiff alleges that the second set of events occurred around August 7, 2017, after she was sent to Texas for a product-training event by Defendant Options Medical (Dkt. #1 at p. 6; Dkt. #11, Exhibit A ⁋ 15). The training was at Orthofix's headquarters in Lewisville, Texas (Dkt. #1 at p. 6). Plaintiff claims she discussed the Florida neurosurgeon's harassment with Orthofix's president at the training, but Orthofix did nothing to investigate (Dkt. #1 at p. 6). Plaintiff then alleges that the next night, Orthofix's president invited Plaintiff to go to a night club with him, where he asked one of Plaintiff's colleagues to inform Plaintiff that he would like to date her (Dkt. #1 ⁋ 26). No one at Defendant Options Medical was informed of Plaintiff's alleged interactions with Orthofix's president (Dkt. #11, Exhibit A ⁋⁋ 14–15).

Plaintiff claims she was "Defendants' employee" at all relevant times, but there are no facts in her complaint indicating that she was ever employed by Defendant Orthofix (Dkt. #1 at p. 3). Around February 2019, nearly two years after Plaintiff stopped working for Defendant Options Medical, Defendant Orthofix acquired Options Medical as the result of an asset-purchase agreement (Dkt. #1 at p. 3; Dkt. #11, Exhibit A ⁋ 17).

On August 2, 2019, Defendant Options Medical filed its Motion to Dismiss under Rule 12(b)(2) and Rule 12(b)(6) (Dkt. #11). On August 16, 2019, Plaintiff filed its response to the

Motion (Dkt. #16). On August 23, 2019, Defendant Options Medical filed its reply (Dkt. #18). Plaintiff filed her sur-reply on August 29, 2019 (Dkt. #20).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a *prima facie* case supporting jurisdiction." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 161, 1067 (5th Cir. 1992)). However, if the court holds an evidentiary hearing on the question of personal jurisdiction, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese-Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Ciega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution.

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established certain minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Johnston v. Multidata*

*Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008) (citing *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992)).  However, only in an "exceptional case" could a plaintiff assert general jurisdiction over a party in a forum outside of its domicile, place of incorporation, or principal place of business.  *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 234 (5th Cir. 2016) (citations and quotation omitted).  Finding general jurisdiction where an individual or company is outside of its domicile, place of incorporation, or principal place of business requires a showing of a defendant's substantial, continuous, and systematic contact with the forum.  *See Johnston*, 523 F.3d at 609.  And "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.* at 610 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state.  *Helicopteros*, 466 U.S. at 414 n.8.  For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).  "[T]he court must separately consider specific jurisdiction for each claim that arises from different forum contacts." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 198 n.16 (5th Cir. 2019) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006)).

Defendants who "'reach out beyond one state' and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state

for consequences of their actions." *Burger King Corp.*, 471 U.S. at 475 (citing *Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id.* Rather, the specific-jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citation and quotations omitted). "For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear*, 564 U.S. at 919). Further, "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Id.* (alteration in original) (quoting *Walden*, 571 U.S. at 286).

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth*, 472 F.3d at 271. In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King Corp.*, 471 U.S. at 477. "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

## ANALYSIS

Although Plaintiff alleges claims against two defendants, only Defendant Options Medical challenges the Court's personal jurisdiction over it, and the "requirements of *International Shoe*

. . . must be met as to each defendant . . . ." *Rush v. Savchuk*, 444 U.S. 320, 332 (1980). After careful review, the Court concludes that it does not have general or specific personal jurisdiction over Defendant Options Medical.

I.   **The Court Does Not Have Personal Jurisdiction Over Defendant Options Medical**

A.   **General Jurisdiction**

The Court finds that Plaintiff has not made out a *prima facie* case that it has general personal jurisdiction over Defendant Options Medical. General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG*, 571 U.S. at 127 (citation and quotation omitted). And only in an "exceptional case" could a plaintiff assert general jurisdiction over a party in a forum outside of its domicile, place of incorporation, or principal place of business. *Patterson*, 826 F.3d at 234 (citations and quotation omitted).

Plaintiff's complaint alleges that Defendant Options Medical is a privately held company located in Florida (Dkt. #1 ¶ 8). Elizabeth Stevenson, founder of Options Medical, likewise establishes in her affidavit that "Options Medical is incorporated in *only* the state of Florida with its headquarters and principal place of business in Gainesville, Florida." (Dkt. #11, Exhibit A ¶ 6) (emphasis in original). Plaintiff alleges no additional facts supporting general jurisdiction, nor does Plaintiff even argue that general jurisdiction over Defendant Options Medical is proper (Dkt. #16; Dkt. #20 at p. 2). Accordingly, the Court does not have general jurisdiction over Defendant Options Medical.[1]

---

[1] Plaintiff alleges that *Orthofix* is headquartered in Lewisville, Texas (Dkt. #1 at p. 3), but does not allege facts showing how that is relevant to determining whether the Court has general jurisdiction over Defendant Options Medical.

### B. Specific Jurisdiction

The Court also finds that Plaintiff has not made out a *prima facie* case that the Court has specific personal jurisdiction over Defendant Options Medical. Plaintiff's attempt to establish specific jurisdiction is based on one training conducted in Texas, where a third party, with no connection to Defendant Options Medical at the time, allegedly harassed her (Dkt. #1 ¶ 26; Dkt. #16 at p. 8). Because the suit-related conduct—harassment Plaintiff claims occurred in Texas at the hands of a third party—did not arise out of or result from Defendant Options Medical's forum-related contacts, the Court does not have specific jurisdiction over Defendant Options Medical.[2]

Typically, "the *defendant's* commission of a tort while physically present in a state will readily confer specific jurisdiction." *Carmona*, 924 F.3d at 194 (emphasis added). However, Plaintiff points to no tort that Defendant Options Medical or its agents[3] committed while in Texas with Plaintiff for training. Plaintiff's only allegation of tortious conduct occurring in Texas is against an employee for *Orthofix*. The Court finds that Plaintiff cannot use an intentional tort allegedly committed by a third party to subject Options Medical to specific jurisdiction in Texas.

The Fifth Circuit's recent decision in *Carmona* is instructive. There, LSM, a foreign shipping-management corporation, had advance notice that a ship it managed would be docking in Texas to discharge pipes. *Carmona*, 924 F.3d at 192. Carmona was unloading cargo and rigging a bundle of pipes when the pipes fell and injured his leg. *Id.* There was no dispute that most of Carmona's claims resulted from LSM's conduct in Texas after the ship's arrival there. *Id.* at 197.

---

[2] Because the Court finds that Plaintiff did not satisfy step two of the three-step test outlined above for exercising specific jurisdiction, the Court does not address steps one or three.

[3] While a principal-agent relationship can inform the specific-jurisdiction analysis, *In re Chinese-Manufactured Drywall*, 753 F.3d at 531 (citing *Daimler AG*, 571 U.S. at 134–36), Plaintiff alleges no facts suggesting that Orthofix's president was acting as Defendant Options Medical's agent when he allegedly harassed Plaintiff.

However, LSM argued that the district court lacked specific jurisdiction over some of Carmona's claims because Carmona presented no evidence that LSM's tortious actions occurred while the ship was in Texas. *Id.*

The Fifth Circuit held that Texas did have specific personal jurisdiction on some of Carmona's claims where the evidence showed that—while in Texas—one of LSM's crewmembers had inspected the pipes but failed to ensure they were properly stacked for discharge. *Id.* However, on Carmona's other claims, the Fifth Circuit held that the district court lacked specific jurisdiction, reasoning that: "Unlike Carmona's other allegations, the claim that the pipes were improperly stowed does not stem from *LSM's activities* in Texas. Instead, the alleged tortious conduct occurred outside the United States at the hands of a third party." *Id.* at 198 (emphasis added).

Here, Defendant Options Medical did send Plaintiff to a product-training event in Texas (Dkt. #1 ¶ 26; Dkt. #11, Exhibit A ¶¶ 14–15). Like the plaintiff in *Carmona*, Plaintiff claims she was injured in Texas after being sent there by her employer.[4] But as the Fifth Circuit instructed in *Carmona*, that is not enough to establish specific jurisdiction. *See* 924 F.3d at 197–98. The specific-jurisdiction inquiry turns on whether Defendant Options Medical or its agents committed the tortious acts giving rise to Plaintiff's claims in Texas. *See id.* Because a careful examination of Plaintiff's allegations shows that neither Options Medical nor its agents committed tortious acts against Plaintiff in Texas, the Court cannot exercise specific jurisdiction over Defendant Options Medical.

Plaintiff claims two Title VII violations occurred at the training in Texas. First, Plaintiff claims that she reported the harassment she was experiencing in Florida to Orthofix's president, but Orthofix did not conduct any investigation into her allegations (Dkt. #1 ¶ 26). Second, Plaintiff

---

[4] The Fifth Circuit held in *Carmona* that LSM purposely availed itself of Texas when it "deliberately permitted its employees to enter Texas." 924 F.3d at 196.

claims that the next night, Orthofix's president invited Plaintiff to a nightclub and asked one of Plaintiff's colleagues to inform her that he would like to date her (Dkt. #1 ⁋ 26). Ms. Stevenson stated in her affidavit that Defendant Options Medical had no knowledge of these alleged interactions (Dkt. #11, Exhibit A ⁋ 15), which Plaintiff does not dispute.

Neither of these claims stem from Defendant Options Medical's conduct in Texas—rather, these claims stem from the allegedly tortious actions of a third party. As was the case in *Carmona*, the Court cannot have specific jurisdiction over Plaintiff's claims against Defendant Options Medical because Plaintiff was not injured by Defendant Options Medical's conduct in Texas. *See Carmona*, 924 F.3d at 197–98.

Well-established limits on specific jurisdiction also support the Court's conclusion. The fact that Plaintiff and a third party, in Texas, discussed alleged harassment that took place in Florida does not allow the Court to exercise specific jurisdiction against Defendant Options Medical. The specific-jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation," and the "unilateral activity" of a plaintiff or a third party—like Orthofix's decision not to investigate Plaintiff's claims—cannot confer specific jurisdiction over Defendant Options Medical. *See Walden*, 571 U.S. at 284–86 (citation and quotations omitted). The fact that Defendant Options Medical sent Plaintiff to one training in Texas does not subject it to specific jurisdiction without evidence that Options Medical's suit-related conduct also formed the basis of the tortious activity that occurred in Texas. *See Bristol-Myers Squibb Co.*, 137 S. Ct. at 1776, 1783 ("The bare fact that BMS contracted with a California distributor is not enough to establish [specific] personal jurisdiction in the State."); *Carmona*, 924 F.3d at 197–98. Likewise, the fact that a third party invited Plaintiff to a nightclub and asked one of Plaintiff's colleagues to inform her that he would like to date her does not confer specific jurisdiction over Plaintiff's claims

against Options Medical. Simply because Plaintiff was injured while in Texas for employer-mandated training does not give the Court specific jurisdiction over Defendant Options Medical when the injury resulted from a third party's conduct unrelated to that training. *See Goodyear*, 564 U.S. at 930 n.6; *Carmona*, 924 F.3d at 197–98.

Plaintiff's only argument that the Court has specific jurisdiction is that she "was subjected to repeated sexual harassment and assault during her employment with Defendant Options Medical [in Florida], including the harassment she experienced at the training she was required to attend in Texas . . . ." (Dkt. #20 at p. 3). Plaintiff attempts to turn the alleged harassment in Florida into specific jurisdiction in Texas because Plaintiff was sent to Texas for one training and discussed the harassment with a third party in Texas. As previously addressed, specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb Co*, 137 S. Ct. at 1781 (quoting *Goodyear*, 564 U.S. at 919). Defendant Options Medical's decision to send Plaintiff to Texas for training—the only contact Options Medical had with Texas here—is not a controversy that establishes jurisdiction.[5]

Plaintiff's claims of sexual harassment are troubling. But they do not form the basis for the Court to exercise specific jurisdiction over Defendant Options Medical. Plaintiff cannot establish specific jurisdiction in Texas based on harassment that occurred *only* during her employment in Florida. And the harassment Plaintiff *does* allege occurred in Texas came from a third party, not from Defendant Options Medical's conduct in Texas. For the reasons discussed above, the Court does not have specific jurisdiction over Defendant Options Medical.

---

[5] Plaintiff does not allege that Defendant Options Medical's decision to send her to Texas for training was related in any way to the harassment occurring in Florida. As such, the Court does not decide whether it would have specific jurisdiction over Plaintiff's claims in that situation.

Because the Court concludes that it does not have personal jurisdiction over Defendant Options Medical, it will not address Defendant's argument that Plaintiff failed to state a claim under Rule 12(b)(6).

## II.    Transfer to the Northern District of Florida Is Appropriate

Although Plaintiff raised this argument for the first time in her sur-reply,[6] the Court finds that given the statute of limitations associated with Plaintiff's Title VII claims, dismissal without prejudice could have the effect of dismissal with prejudice (Dkt. #20 at p. 4). In the interests of justice, the Court will sever Plaintiff's claims against Defendant Options Medical and direct the Clerk of the Court to transfer it to the Northern District of Florida under 28 U.S.C. § 1406(a), the district where Defendant Options Medical is headquartered and where Plaintiff was employed (Dkt. #20 at p. 4).

## CONCLUSION

It is therefore **ORDERED** that Defendant Options Medical, LLC's Motion to Dismiss under Rule 12(b)(2) and Rule 12(b)(6) (Dkt. #11) is hereby **GRANTED** in part as to Rule 12(b)(2). Accordingly, the Court **SEVERS** all claims against Defendant Options Medical, LLC and directs the Clerk of the Court to **TRANSFER** it to the Northern District of Florida in accordance with 28 U.S.C. § 1406(a).

**SIGNED this 9th day of September, 2019.**

_Amos Mazzant_

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[6] A sur-reply should be used for responding to issues raised in the reply, not for making new arguments. Local Rule CV-7(f).