# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| KATHRYN BOSTON | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-00438 |
| | § | Judge Mazzant |
| ORTHOFIX MEDICAL, INC. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Orthofix Medical, Inc.'s ("Orthofix") Motion to Dismiss Plaintiff's Original Complaint under Rule 12(b)(6) (Dkt. #5). After reviewing the motion and the relevant pleadings, the Court finds that Plaintiff Kathryn Boston ("Plaintiff") should be given leave to amend her complaint under Rule 15(a). Accordingly, the Court finds that the motion should be denied as moot.

## BACKGROUND

On June 14, 2019, Plaintiff filed her Complaint, alleging discrimination, hostile work environment, and retaliation claims under Title VII against Options Medical[1] and Defendant Orthofix, Inc. ("Orthofix") (Dkt. #1 at p. 7). From approximately November 2016 until September 28, 2017, Plaintiff was employed as a Junior Associate Territory Manager by Options Medical in Gainesville, Florida, where she traveled to doctors' offices in Florida to obtain paperwork authorizing the use of Defendant Orthofix's devices (Dkt. #1 at pp. 1, 4).

Plaintiff's Title VII claims center around two, discrete sets of events—one occurring entirely in Florida, the other occurring entirely in Texas. First, Plaintiff claims that while working as a Territory Manager for Options Medical in Florida, she was subjected to severe and pervasive

---

[1] As a result of the Court's September 9, 2019, Memorandum Opinion and Order (Dkt. #22), Options Medical is no longer a defendant in this case.

sexual harassment by a Florida neurosurgeon who was one of Options Medical's largest accounts (Dkt. #1 at p. 4). Plaintiff alleges she reported this harassment and that this harassment was witnessed by Options Medical's management, but Options Medical did not investigate and took no remedial measures (Dkt. #1 at p. 5). Plaintiff also alleges that Options Medical encouraged her endure the Florida neurosurgeon's harassment, retaliated against her for reporting it, and subjected her to a constructive discharge (Dkt. #1 at pp. 5–6).

Plaintiff alleges that the second set of events occurred around August 7, 2017, after she was sent to Texas for a product-training event by Options Medical (Dkt. #1 at p. 6). The training was at Defendant Orthofix's headquarters in Lewisville, Texas (Dkt. #1 at p. 6). Plaintiff claims she discussed the Florida neurosurgeon's harassment with Defendant Orthofix's president at the training, but Orthofix did nothing to investigate (Dkt. #1 at p. 6). Plaintiff then alleges that the next night, Orthofix's president invited Plaintiff to go to a night club with him, where he asked one of Plaintiff's colleagues to inform Plaintiff that he would like to date her (Dkt. #1 ¶ 26).

Plaintiff claims she was "Defendants' employee" at all relevant times, but there are no facts in her complaint indicating that she was ever employed by Defendant Orthofix (Dkt. #1 at p. 3). Around February 2019, nearly two years after Plaintiff stopped working for Options Medical, Defendant Orthofix acquired Options Medical (Dkt. #1 at p. 3).

On July 19, 2019, Orthofix filed its Motion to Dismiss Plaintiff's Original Complaint under Rule 12(b)(6) (Dkt. #5). On August 2, 2019, Plaintiff filed her response, arguing that Orthofix's motion should be denied, or in the alternative, that she be given leave to amend her complaint. (Dkt. #13 at p. 10). Orthofix filed its reply on August 5, 2019 (Dkt. #15). Plaintiff filed her sur-reply on August 16, 2019, again requesting leave to amend her complaint should the Court find it necessary (Dkt. #17 at p. 4).

The Court's Scheduling Order sets December 3, 2019, as the deadline for Plaintiff to file amended pleadings upon obtaining leave of the Court (Dkt. #22 at p. 1).

**LEGAL STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading once at any time before a responsive pleading is served without seeking leave of court or the consent of the adverse party. FED. R. CIV. P. 15(a). After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)).

But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider "whether there has been 'undue delay, bad faith or dilatory motive, . . . undue prejudice to the opposing party, and futility of amendment.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996)).

The Court has discretion to deny a request to amend if amendment would be futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) (citation omitted). Futility in the Rule 15(a) context means that the complaint, once amended, would still fail to state a claim upon which relief could be granted under the Rule 12(b)(6) standard. *Id.* at 873.

## ANALYSIS

Orthofix argues that Plaintiff's Title VII claims fail because Plaintiff did not plead sufficient facts to state a claim against Orthofix (Dkt. #5 at p. 1).  In her response and sur-reply, Plaintiff argues that Orthofix's Motion should be denied, or in the alternative, that Plaintiff should be given leave to amend her complaint (Dkt. #13 at p. 10; Dkt. #17 at p. 4).  The Court finds that granting Plaintiff's request to amend her complaint is appropriate.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff file an amended complaint no later than September 25, 2019, and Orthofix's Motion to Dismiss Plaintiff's Original Complaint under Rule 12(b)(6) (Dkt. #5) is **DENIED as moot**.

**SIGNED this 12th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE