# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| KATHRYN BOSTON | § | |
| --- | --- | --- |
| | § | |
| v. | § | Civil Action No. 4:19-CV-00438 |
| | § | Judge Mazzant |
| ORTHOFIX MEDICAL, INC. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Orthofix Medical, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6) (Dkt. #27). After reviewing the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On June 14, 2019, Plaintiff filed her Complaint, alleging discrimination, hostile work environment, and retaliation claims under Title VII against Options Medical[1] and Defendant Orthofix, Inc. ("Orthofix") (Dkt. #1 at p. 7). From approximately November 2016 until September 28, 2017, Plaintiff was employed as a Junior Associate Territory Manager by Options Medical in Gainesville, Florida, where she traveled to doctors' offices in Florida to obtain paperwork authorizing the use of Defendant Orthofix's devices (Dkt. #1 at pp. 1, 4).

Plaintiff's Title VII claims center around two, discrete sets of events—one occurring entirely in Florida, the other occurring entirely in Texas. First, Plaintiff claims that while working as a Territory Manager for Options Medical in Florida, she was subjected to severe and pervasive sexual harassment by a Florida neurosurgeon who was one of Options Medical's largest accounts (Dkt. #1 at p. 4). Plaintiff alleges she reported this harassment and that this harassment was

---

[1] As a result of the Court's September 9, 2019, Memorandum Opinion and Order (Dkt. #22), Options Medical is no longer a defendant in this case.

witnessed by Options Medical's management, but Options Medical did not investigate and took no remedial measures (Dkt. #1 at p. 5). Plaintiff also alleges that Options Medical encouraged her endure the Florida neurosurgeon's harassment, retaliated against her for reporting it, and subjected her to a constructive discharge (Dkt. #1 at pp. 5–6).

Plaintiff alleges that the second set of events occurred around August 7, 2017, after she was sent to Texas for a product-training event by Options Medical (Dkt. #1 at p. 6). The training was at Defendant Orthofix's headquarters in Lewisville, Texas (Dkt. #1 at p. 6). Plaintiff claims she discussed the Florida neurosurgeon's harassment with Defendant Orthofix's president at the training, but Orthofix did nothing to investigate (Dkt. #1 at p. 6). Plaintiff then alleges that the next night, Orthofix's president invited Plaintiff to go to a night club with him, where he asked one of Plaintiff's colleagues to inform Plaintiff that he would like to date her (Dkt. #1 ¶ 26).

Plaintiff claims she was "Defendants' employee" at all relevant times, but there are no facts in her complaint indicating that she was ever employed by Defendant Orthofix (Dkt. #1 at p. 3). Around February 2019, nearly two years after Plaintiff stopped working for Options Medical, Defendant Orthofix acquired Options Medical (Dkt. #1 at p. 3).

On July 19, 2019, Orthofix filed its Motion to Dismiss Plaintiff's Original Complaint under Rule 12(b)(6) (Dkt. #5). On August 2, 2019, Plaintiff filed her response, arguing that Orthofix's motion should be denied, or in the alternative, that she be given leave to amend her complaint. (Dkt. #13 at p. 10). Orthofix filed its reply on August 5, 2019 (Dkt. #15). Plaintiff filed her sur-reply on August 16, 2019, again requesting leave to amend her complaint should the Court find it necessary (Dkt. #17 at p. 4).

The Court granted Plaintiff leave to amend her Complaint on September 12, 2019 (Dkt. #25). On September 25, 2019, Plaintiff filed her First Amended Complaint (Dkt. #26). On

October 9, 2019, Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #27). Plaintiff responded on October 23, 2019 (Dkt. #28), and Defendant replied on October 30, 2019 (Dkt. #29).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the First Amended Complaint, the motion to dismiss, the response, and the reply, the Court finds that Plaintiff has stated plausible claims for purposes of defeating a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that Defendant Orthofix's Motion to Dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6) (Dkt. #27) is **DENIED**.

**SIGNED this 7th day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE